UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO BLOISE, *on behalf of himself and others similarly situated*,

                      Plaintiff,

-v-

SALCEDO CARGO EXPRESS, INC., *et al.*,

                      Defendants.

23-CV-7462 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

On June 26, 2024, the Court issued an order setting a trial date of October 7, 2024 in this case. (ECF No. 28.) On July 8, 2024, Defendants filed a letter requesting "a conference to discuss the outstanding discovery and trial schedule." (ECF No. 29.) Defendants represent that the parties have engaged in only limited discovery to date, with no depositions having been taken and no non-party discovery conducted while the parties unsuccessfully pursued mediation. The parties have also not engaged in any motion practice. (*Id*. at 1.) Defendants acknowledge: "In retrospect, Defendant[s] should have requested a conference with the court sooner, and an extension of discovery deadlines based on the mediation and delays in completing the mediation process. We apologize for not doing so earl[ier] than this letter." (*Id*.) Defendants appear to blame the Court's mediation process and the Court's case management procedures for the "by-passing [of] discovery and motion practice" in this case. (*Id*. at 2.) Defendants, however, have no one to blame but themselves.

On November 13, 2023, the Court approved a Civil Case Management Plan and Scheduling Order submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). (ECF No. 17.) The Order stated: "This Order may not be modified or the dates herein extended, except by

further Order of this Court for good cause shown. Any application to modify or extend the dates herein . . . shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended." (*Id*. at 4.)

Under the Order, the deadline for the completion of *all* discovery, including document discovery, was April 20, 2024. (*Id*. at 1.) No party requested an extension of the discovery deadline. Under the Order, the deadline to file any summary judgment motion was fourteen days after the close of all discovery on April 20, 2024. (*Id*. at 3.) No party filed a motion for summary judgment, and no party requested an extension of the summary judgment deadline. When the Court referred this matter to the Court-annexed Mediation Program on November 13, 2023, the Court's Order made clear that "[t]he mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court." (ECF No. 18.) No party asked for leave of this Court to modify the scheduling Order. Since the case was referred to mediation, the parties have submitted multiple status reports and never once raised the issue of extending the deadlines for discovery or summary judgment motions. (*See* ECF No. 21; ECF No. 24; ECF No. 27.) Defendants' most recent letter fails to demonstrate any good cause for this oversight. The parties have thus forfeited their right to further discovery or motion practice.

Therefore, the Court will not modify the trial date and associated pretrial deadlines set forth in its June 26, 2024 Order. (ECF No. 28.) The parties shall proceed accordingly.

SO ORDERED.

Dated: July 10, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge